Case 1:22-cv-00115   Document 23   Filed on 01/09/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICKEY EDWARD LEVI, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-115 |
| | § | |
| BOBBY LUMPKIN, | § | |
|    Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 2, 2022, Petitioner Rickey Edward Levi filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Levi, a state prisoner, alleges that he is being denied credit for 2,330 days that he has served in prison, which would bring about an earlier release date from incarceration. Id. Levi is currently incarcerated at the Willacy County State Jail in Raymondville, Texas. Id.

On January 5, 2023, Respondent Bobby Lumpkin ("the State") filed the state court records and an answer to the petition. Dkt. No. 22.

After reviewing the record and the relevant case law, it is recommended that the petition be dismissed without prejudice for failure to exhaust state remedies.

**I. Background**

On January 13, 2020, Levi was convicted of four counts of aggravated sexual assault of a child by the 54th District Court in McLennan County, Texas. Dkt. No. 22-1, pp. 1-9. He was given a sentence of 25 years of incarceration for each count, with the sentences to be served concurrently. Id. On that same day, Levi was also convicted of five counts of indecency with a child by contact, with a 20-year concurrent sentence handed down for each count. Id., pp. 10-19. Levi did not file an appeal of his convictions or sentence.

On September 2, 2022, Levi filed a petition for a writ of habeas corpus in this Court. Dkt. No. 1. Levi alleges that he has earned 2,230 days of prison time that was never credited to him, because he "was already serving a sentence and bench warranted back to the county and got more time that I never bonded out on." Id., p. 2.

1

Levi does not allege in his complaint that he filed a time credit dispute with TDCJ or a writ of habeas corpus with the Texas Court of Criminal Appeals, challenging this calculation. Dkt. No. 1.

On September 7, 2022, the Court ordered the State to file the relevant state court records and a response to Levi's petition. Dkt. No. 4.

On January 5, 2023, the State timely filed the records and response. Dkt. No. 22. The records include an affidavit from Wade Papadakis, a deputy clerk with the Court of Criminal Appeals, who asserts that he has no record of any habeas petition being filed by Levi. Id.

In its response, the State argues that Levi's petition is unexhausted. Dkt. No. 22.

## II. Applicable Law

### A. Section 2254

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner convicted in a state court may challenge his conviction to the extent it violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, only violations of the United States Constitution or federal law are subject to review by this Court under § 2254.

In conducting such a review, a federal district court may not issue a writ of habeas corpus for a defendant convicted under a state judgment, unless the adjudication of the claim by the state court: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

"A decision is contrary to clearly established federal law under § 2254(d)(1) if the state court (1) 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law'; or (2) 'confronts facts that are materially indistinguishable from a

relevant Supreme Court precedent' and reaches an opposite result.'" Simmons v. Epps, 654 F.3d 526, 534 (5th Cir. 2011) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)).

"The state court makes an unreasonable application of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts'; or (2) 'either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Simmons, at 534 (quoting Williams, at 407).

Additionally, the AEDPA requires that federal law be "clearly established" "as articulated by the Supreme Court." Woodfox v. Cain, 609 F.3d 774, 800 n. 14 (5th Cir. 2010). "[A] decision by . . . [the Fifth Circuit] . . . or one of our sister circuits, even if compelling and well-reasoned, cannot satisfy the clearly established federal law requirement under § 2254(d)(1)." Salazar v. Dretke, 419 F.3d 384, 399 (5th Cir. 2005).

Furthermore, a federal court may not review a state court's determination of state law issues. Thompson v. Thaler, 432 F. App'x 376, 379 (5th Cir. 2011); McCarthy v. Thaler, 482 F. App'x 898, 903 (5th Cir. 2012). "Under § 2254, federal habeas courts sit to review state court misapplications of federal law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law." Charles v. Thaler, 629 F.3d 494, 500–01 (5th Cir. 2011) (emphasis original). "It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law, and we defer to the state courts interpretation of the Texas ... statute." Schaetzle v. Cockrell, 343 F.3d 440, 449 (5th Cir. 2003) (quoting Weeks v. Scott, 55 F.3d 1059, 1063 (5th Cir. 1995)).

**B. Exhaustion**

The Court may not consider the petition if the petitioner has not exhausted the remedies available in the state court. Scott v. Hubert, 635 F.3d 659, 667 (5th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A) ). This limitation applies because, under § 2254, the Court can only review a state court's decision. If the petitioner did not raise the issue in the state courts, then there is no decision to review. Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002).

Generally, in order to be exhausted, the petitioner must present "his legal claim to the highest state court in a procedurally proper manner." Nickleson v. Stephens, 803 F.3d 748, 753 (5th Cir. 2015). "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Young v. Davis, 835 F.3d 520, 525 (5th Cir. 2016). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). If a petitioner uses one set of operative facts to raise an argument in state court and then relies on those same facts to argue a different legal theory in federal court, the claim is still unexhausted. Wilder, 274 F.3d at 259 (citing Vela v. Estelle, 708 F.2d 954, 958 n. 5 (5th Cir. 1983)).

### III. Analysis

Levi is proceeding pro se. Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). Even with that latitude, Levi's claims do not entitle him to relief. His claims are unexhausted.

### A. Unexhausted

As previously noted, a federal court may not consider a state habeas claim if that claim has not been properly presented to the state courts. Under § 2254, federal courts merely review the decisions issued by state courts. Neal, 286 F.3d at 246.

Under state law, a prisoner must generally first file a time credit dispute with TDCJ prior to filing a state writ of habeas corpus. TEX. GOV'T CODE § 501.0081(b)(1). There is no indication in the record that Levi ever filed a time credit dispute. Furthermore, even if such a dispute was filed, Papadakis's affidavit states that no writ was filed with the Court of Criminal Appeals. Dkt. No. 22-2. The Court will not affirmatively resolve whether Levi filed either the dispute form or the state habeas petition; what is clear is that no decision has been rendered by either TDCJ or the Court of Criminal Appeals.

Because no decision has been made by either TDCJ or the Court of Criminal Appeals, Levi's petition is unexhausted. Rose v. Lumpkin, 2022 WL 17253909, at *3 (S.D. Tex. Sept. 27, 2022), report and recommendation adopted, 2022 WL 17253897 (S.D. Tex. Nov. 28, 2022); Feist v. Director, 2007 WL 2901144, at *2 (E.D. Tex. Oct. 2, 2007); Leal v. Dretke, 2005 WL 3287462, at *4 (W.D. Tex. Dec. 5, 2005). As such, Levi's petition should be dismissed without prejudice to permit Levi to fully exhaust his claims. Id.

## IV. Recommendation

It is recommended that the petition for writ of habeas corpus filed by Rickey Edward Levi be dismissed without prejudice for failure to exhaust state remedies.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on January 9, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge